UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| DAVID CALDWELL ET AL | CASE NO. 2:24-CV-01023 |
| VERSUS | JUDGE JAMES D. CAIN, JR. |
| GEOVERA SPECIALTY INSURANCE CO | MAGISTRATE JUDGE DAVID J. AYO |

MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 5] filed by defendant GeoVera Specialty Insurance Company. Plaintiffs oppose the motion. Doc. 15.

I.
BACKGROUND

This suit arises from damage to plaintiffs' home in Hurricane Laura, which made landfall in Southwest Louisiana on August 27, 2020, and Hurricane Delta, which impacted the same area on October 9, 2020. At all relevant times the property was insured under a policy issued by GeoVera, containing the following clause:

> **H. Suit Against Us**
> No action will be brought against us unless there has been full compliance with all of the terms under Section I of this policy and the action is started within two years after the date of loss.

Doc. 5, att. 2, p. 4.

Plaintiffs allege that GeoVera failed to timely or adequately compensate them for covered losses but led them to believe through partial payments that they would eventually be compensated if they continued to work with their insurer. As late as August 22, 2022, they assert, GeoVera was still issuing payments under the policy. Eventually, however,

GeoVera allegedly stopped issuing payments and responding to plaintiffs. Accordingly, plaintiffs filed suit in this court on July 31, 2024, less than two years after the last payment. Doc. 1. They raise claims of breach of contract and bad faith under Louisiana law. *Id.* GeoVera now moves to dismiss the suit as untimely under Federal Rule of Civil Procedure 12(b)(6). Doc. 5. Plaintiffs oppose the motion and maintain that prescription was interrupted by GeoVera's payments, which acted as tacit acknowledgments of the insurer's debt to its insured. Doc. 15.

## II.
## LAW & APPLICATION

### A. Legal Standard

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### B. Application

A federal court sitting in diversity jurisdiction applies state substantive law, including "state statutes of limitations and related state law governing tolling of the limitation period." *Hensgens v. Deere & Co.*, 869 F.2d 879, 880 (5th Cir. 1989). Under Louisiana law, the prescriptive period for personal actions, including actions on a contract, is ten years. La. Civ. Code art. 3499. Bad faith claims are likewise subject to this ten-year prescriptive period because they are "an outgrowth of the contractual and fiduciary relationship between the insured and the insurer, and the duty of good faith and fair dealing emanates from the contract between the parties." *Smith v. Citadel Ins. Co.*, 285 So.3d 1062, 1069 (La. 2019).

Under Louisiana law, parties may shorten a prescriptive period by contract. *E.g.*, *La. Health Serv. & Indem. Co. v. McNamara*, 561 So.2d 712, 719 (La. 1990). Such an agreement is valid as long as it does not violate a statute or public policy. *Mansfield Rd., LLC v. Great Am. Ins. Co. of N.Y.*, 2022 WL 16857018, at *3 (W.D. La. Nov. 10, 2022) (citing *Noland v. Sun Life Assurance Co. of Canada*, 2001 WL 360775, at *1 (5th Cir. 2001)). Louisiana law also provides that parties to an insurance contract may not limit the prescriptive period for filing first-party claims to a period shorter than 24 months. La. Rev. Stat. 22:868(B). Here the policy sets a two-year limit on filing suit after a loss. Accordingly,

this limitation governs and plaintiff's claims arising from Hurricanes Laura and Delta, which struck more than two and a half years before she filed suit, are facially prescribed.

Plaintiffs argue that prescription was restarted when GeoVera paid on their claim in August 2022. They base their argument on the Louisiana Code of Civil Procedure, which states: "Prescription is interrupted when one acknowledges the right of the person against whom he had commenced to prescribe." La. Civ. Code art. 3464. For this purpose, an acknowledgment is a simple admission of liability that may assume many forms. *Demma v. Auto. Club Inter-Ins. Exch.*, 15 So.3d 95, 98 (La. 2009). And indeed, in *Mallett v. McNeal*, 368 So.3d 1143 (La. 2006), the Louisiana Supreme Court held that an insurer's unconditional payment constituted acknowledgment sufficient to interrupt prescription on a third-party claim. *Id.* at 1256–59. Under Louisiana law, however, the insurer is statutorily obliged to make an unconditional tender of the undisputed amount of the claim to the insured. Accordingly, the Louisiana Fourth Circuit has held that these do not constitute an acknowledgment of the disputed amount of a first-party insurance claim. *Lila, Inc. v. Underwriters at Lloyd's, London*, 994 So.2d 139, 145–46 (La. Ct. App. 4th Cir. 2008); *accord La. Joint Underwriters of Audubon Ins. Co. v. Johnson*, 20 So.3d 528 (La. Ct. App. 4th Cir. 2009); *Wolfe World, LLC v. Stumpf*, 43 So.3d 311, 316 (La. Ct. App. 4th Cir. 2010).

As plaintiff points out, however, the Louisiana Supreme Court held just the opposite in *Demma*, supra. There the court examined the required unconditional tender made by plaintiff's UM carrier and found it sufficient to interrupt prescription, based on the principles described in *Mallett. Id.* at 101–05. The Fourth Circuit attempted to distinguish

that decision by noting that "a claim by an insured against his uninsured motorist provider arises *ex delicto* rather than *ex contractu*" and that contractual prescriptive periods were not subject to interruption. *Wolfe World LLC v. Stumpf*, 43 So.3d 311, 316 (La. Ct. App. 4th Cir. 2010) (cleaned up). Subsequently, however, the Louisiana Supreme Court rejected an insurer's argument that the limitations period in its policy was a "contractual limitations period and not a liberative prescriptive period subject to the suspension principles of [Article 596]." *Taranto v. La. Citizens Prop. Ins. Corp.*, 62 So.3d 721, 732 (La. 2011). "In sum," the court continued, "although parties to an insurance contract may by legislative pronouncement, limit the prescriptive period . . . they may not, as a matter of law, contractually 'opt out' of prescription, abrogate the prescriptive periods established by law, or divest said time limitations of their prescriptive nature." *Id.* (internal quotations omitted). Accordingly, *Taranto* appears to have rejected the rationale on which the Fourth Circuit distinguished these cases from *Demma*. Accord *CRU Shreveport, LLC v. United Nat'l Ins. Co.*, 2020 WL 5948283, at *5 (W.D. La. Sep. 1, 2020), *report and recommendation adopted*, 2020 WL 5949977 (Oct. 7, 2020). To the extent GeoVera made an unconditional payment on plaintiffs' claim within two years of this suit being filed, it interrupted prescription and plaintiffs' suit is timely.

## III.
### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 5] will be **DENIED.**

**THUS DONE AND SIGNED** in Chambers on the 19th day of September, 2024.

                    **JAMES D. CAIN, JR.**
            **UNITED STATES DISTRICT JUDGE**