UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **DAVID CALDWELL ET AL** | **CASE NO. 2:24-CV-01023** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **GEOVERA SPECIALTY INSURANCE CO** | **MAGISTRATE JUDGE DAVID J. AYO** |

## MEMORANDUM ORDER

Before the court is a Motion to Reconsider [doc. 19] filed by defendant GeoVera Specialty Insurance Company. Plaintiffs oppose the motion. Doc. 21.

## I.
### BACKGROUND

This suit arises from first-party insurance claims filed by plaintiffs against their insurer, GeoVera, based on damages sustained from Hurricanes Laura and Delta. GeoVera moved to dismiss the suit, which was filed more than two years after the storm in violation of the 24-month deadline under the policy and Louisiana Revised Statutes 22:868(B). Doc. 5. The court denied the motion, holding under *Demma v. Auto. Club Inter-Insurance Exchange*, 15 So.3d 95, 98 (La. 2009) and *Taranto v. Louisiana Citizens Property Insurance Corp.*, 62 So.3d 721, 732 (La. 2011), that (1) the prescriptive period was statutory and thus subject to ordinary rules of interruption and suspension and (2) GeoVera's unconditional payment of portions of the claim constituted an "acknowledgment" interrupting prescription. In doing so, the undersigned determined that *Taranto* and *Demma* abrogated a line of cases from the Louisiana Fourth Circuit Court of

Appeal that held (1) such tenders could not constitute acknowledgment because they were required under law, *see Lila, Inc. v. Underwriters at Lloyd's, London*, 994 So.2d 139, 145–46 (La. Ct. App. 4th Cir. 2008); and (2) the prescriptive periods were not subject to interruption at any rate because they were contractual rather than statutory. *See Wolfe World LLC v. Stumpf*, 43 So.3d 311, 316 (La. Ct. App. 4th Cir. 2010).

GeoVera now requests that the court reconsider. Doc. 19. To this end it notes that the Louisiana Supreme Court approvingly cited *Lila* in dicta in *Taranto*. It also argues that the holding in *Taranto* is limited to the facts of that case, namely to class actions. Plaintiffs oppose the motion. Doc. 21.

## II.
### LAW & APPLICATION

Federal Rule of Civil Procedure 54(b) allows the court to reconsider an interlocutory order "for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Saqui v. Pride Cent. Am., LLC*, 595 F.3d 206, 210–11 (5th Cir. 2010). An interlocutory order is one that "adjudicates fewer than all the claims . . . of all the parties," such as the ruling here denying GeoVera's motion to dismiss. Fed. R. Civ. P. 54(b); *see, e.g.*, *Nursery Decals and More, Inc. v. Neat Print, Inc.*, 575 F.Supp.3d 740, 743 (N.D. Tex. 2021) (citing *Austin v. Kroger Texas, LP*, 864 F.3d 326, 366 (5th Cir. 2017)) (denial of motion to dismiss was interlocutory).

Although the rule grants the court broad discretion to reconsider, "this power is exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays." *United States v. Cytogel Pharma, LLC*, 2017 WL 3849317

(E.D. La. Mar. 28, 2017) (internal quotations omitted). Courts evaluate motions to reconsider under Rule 54(b) under a "less exacting" standards than those applied to final judgments under Rules 59(e) and 60(b) but still look to the latter rules for guidance. *In re Padco Pressure Control, LLC*, 2017 WL 161647, at *1 (W.D. La. Jan. 13, 2017) (collecting cases). To this end, the court should consider whether there are "manifest errors of law or fact upon which judgment is based," whether "new evidence" is available, whether there is a need "to prevent manifest injustice," or whether there has been "an intervening change in controlling law." *Id.* (quoting *HBM Interests, LLC v. Chesapeake La., LP*, 2013 WL 3893989 (W.D. La. Jul. 26, 2013)).

At the outset, GeoVera argues that the court should reconsider based on prior opinions upholding the two-year limitations period without regard for interruption. *See Goodly v. Allstate Ins. Co.*, 2024 WL 3330613 (W.D. La. July 8, 2024); *Hafner v. State Farm Fire & Cas. Co.*, 2024 WL 4026028 (W.D. La. Sep. 3, 2024). Interruption was only considered in the latter, however, and the parties did not cite *Taranto* in any of their briefing. Accordingly, the court does not consider itself bound by these decisions. Meanwhile, plaintiffs argue that the court should reject GeoVera's arguments because they could have been raised on its first go-round. But this prohibition applies only to the more exacting Rule 59(e); under Rule 54(b) it is within the district court's discretion to consider such arguments. *See Austin*, supra, 864 F.3d at 326 ("In contrast, Rule 54(b)'s approach to the interlocutory presentation of new arguments as the case evolves can be more flexible, reflecting the inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires.") (quoting *Cobell v. Jewell*, 802 F.3d 12, 25–

26 (D.C. Cir. 2015) (internal quotations omitted). Given the importance of the issue and the lack of guidance from other federal courts on these state law questions, the court will allow GeoVera a final attempt at persuasion.

As to the merits, GeoVera argues that the court misinterpreted *Demma* and *Taranto*. In the former, the Louisiana Supreme Court held that the unconditional tender of the undisputed amount of a claim by a UM insurer, as required under *McDill v. Utica Mutual Insurance Company*, 475 So.2d 1085 (La. 1985), and Louisiana Revised Statutes 22:658, "was a tacit acknowledgment that interrupted prescription." *Demma*, supra, 15 So.3d at 105. Prescription thus began to run anew after the date of the tender under Louisiana Civil Code article 3466. *Id.* This holding built on *Mallett v. McNeal*, 939 So.2d 1254 (La. 2006), which held that such a tender interrupted prescription as to a third-party claimant. *Demma* thereby overruled *Lila*, which had held that *Mallett*'s reasoning was limited to third-party claimants. *See Lila, Inc.*, supra, 994 So.2d at 145–46.

One year after *Demma*, the Fourth Circuit revisited the issue in *Wolfe World*. This time the court held that interruption did not apply to the policy's prescriptive period because it was contractual.[1] But the next year, in *Taranto*, the Louisiana Supreme Court held that the one-year suit limitation in plaintiffs' homeowner's insurance policy was

---

[1] The court also attempted to distinguish the UM claim in *Demma* from the property insurance claim before it, noting that "[t]he goal of uninsured motorist coverage is to provide full recovery for innocent automobile victims" and that it has thus been concluded that such a claim arises "*ex delicto* rather than *ex contractu*." *Wolfe World, LLC*, 43 So.3d at 316. But the court made no mention of such considerations in *Demma* and instead spoke broadly of the insurer's unconditional tender obligations under La. R.S. 22:658 (redesignated under La. R.S. 22:1892), which applies in equal force to property insurers. Given the Louisiana Supreme Court's determination that the prescriptive period is nonetheless statutory rather than contractual, supra, and the same court's failure to note any policy considerations specific to UM coverage in its holding in *Demma*, the Fourth Circuit's efforts amounts to a distinction without a difference.

nonetheless statutory, "as a prescriptive period, the prescribed time limitation herein is subject to **all** the laws governing liberative prescription," and "thus the laws with respect to interruption and suspension apply, including LSA-C.C.P. art. 596." 62 So.3d at 734 (emphasis added). Accordingly, it had been interrupted by plaintiffs' earlier participation in a class action suit arising from the same hurricane damages.

GeoVera maintains that *Taranto* is limited to class actions. This is contrary to the plain language of the holding, which followed a thorough discussion of contractual limitations periods. It is supported only by a focus on class actions and brief discussion of *Lila* earlier in the opinion:

> In *Lila*, *supra*, the court held that Ms. Lila's claim as a result of Hurricane Katrina, which was filed on October 8, 2007, had prescribed on its face as it was filed more than two years from the date of loss, as provided by the insurance policy and after both statutory extensions of time to file claims had expired. Thus, the court correctly held that the unconditional payment of a first party property claim did not constitute acknowledgment sufficient to interrupt prescription. Unlike the present case, there is no mention of a pending class action lawsuit by which Lila was a putative member, which was timely filed and may have suspended prescription.

*Id.* at 730. This discussion, particularly the mention of what the lower court "correctly held," implies that the supreme court considered such a limitation. But no such limitation is to be found within *Taranto*'s actual holding. Instead of confining itself to Louisiana Code of Civil Procedure article 596 (governing prescription in class actions), the supreme court twice mentioned that its holding extended to "the laws"—indeed, "all the laws"—governing liberative prescription.

"A statement is dictum if it could have been deleted without seriously impairing the analytical foundations of the holding and, being peripheral, may not have received the full

and careful consideration of the court that uttered it." *Int'l Truck and Engine Corp. v. Bray*, 372 F.3d 717, 721 (5th Cir. 2004) (internal quotations omitted). The discussion of *Lila* qualifies as such. Its implied limitation conflicts with, and is thus entirely unnecessary to, the court's unambiguous conclusions. As the Fifth Circuit recently acknowledged, "[d]icta cannot supplant express holdings." *McRorey v. Garland*, 99 F.4th 831, 838 (5th Cir. 2024) (alteration in original). The court will disregard the reference to *Lila* as nonbinding dictum rather than attempt to reconcile it with the holding. Accordingly, there is no basis to reconsider the court's prior reasoning in support of its denial of GeoVera's Motion to Dismiss.

### III.
#### CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the Motion to Reconsider [doc. 19] be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 7th day of November, 2024.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**